RIVKIND, LEONARD, Associate Judge.
The counter-plaintiff appeals from a summary final judgment for the counter-defendant. The main action, filed by the counter-defendant, has been resolved. We reverse and remand.
Counter-defendant leased a crane to counter-plaintiff pursuant to the terms of a written lease. The crane collapsed while being used in connection with a construction project undertaken by the lessee result *1275 ing in alleged injury and damage. The counterclaim sought damages for the alleged negligence of the lessor in furnishing a defective crane. The motion for summary judgment was based upon two grounds, (1) that there was no liability by virtue of certain provisions in the lease, and (2) that the collapse of the crane was caused solely by the negligence of the lessee. Affidavits in opposition to the motion for summary judgment were submitted concerning the issue of negligence. The provisions of the lease relied upon are as follows:
6. Repairs: Lessee shall during the term of this Lease, at its own expense, keep and maintain the equipment in a state of good condition and repair, reasonable wear and tear excepted. This covenant to repair applies regardless of the cause of the damage, all risk being that of the Lessee.
7. Disclaimer of Warranty: Lessee has prior to signing this Lease inspected the equipment and has accepted it “AS IS” and in its present condition as the same exists on the date of this Lease. Any and all implied or express warranties including but not limited to the implied warranty of fitness for a particular purpose and implied warranty of merchantability are excluded. The Lessee acknowledges that Disclaimer of Warranty as contained in this paragraph is understood, acknowledged, and that the language excluding any express or implied warranty is clear, plain, and conspicuous in accordance with Chapter 671 of the Florida Statutes and the Uniform Commercial Code in effect in the State of Florida. No oral or written representation made by any agent, servant, or employee of Lessor with reference to the equipment, intended use of the equipment, suitability of the equipment, express or implied warranty or any other provision of this Lease shall be binding upon Lessor unless such representation is made in writing by its President.
8. Delivery and Return of Equipment: Cost of transporting the equipment from Lessor’s place of business to the place designated for delivery by the Lessee shall be the expense of the Lessee. Upon the expiration or termination of this Lease, Lessee shall return the leased equipment to Lessor at its place of business. complete and in good order, repair and condition, reasonable wear and tear excepted. In the event that any of the equipment is not so returned, Lessor may cause such equipment to be put in good order, repair and condition, by repair, maintenance, purchase or otherwise and Lessee shall bear such expense.
♦ ‡ sfc * ‡ jf;
10. Indemnity: Lessee agrees to indemnify and save Lessor harmless from any and all claims, demands, actions, causes of action, expenses or any and all other liabilities of whatsoever kind or nature arising out of or connected with the use, operation, possession of or renting of the equipment by the Lessee.
We do not believe that any of these provisions of the lease exculpate the lessor from liability for its own negligence. University Plaza Shopping Center v. Stewart, 272 So.2d 507 (Fla.1973); Ivey Plants, Inc. v. F.M.C. Corp., 282 So.2d 205 (Fla. 4th DCA 1973). The issue of negligence in the case sub judice cannot, on the record before this court, be disposed of by summary judgment. The burden is upon movant to show that there is no genuine issue of material fact left in the case. The movant failed to meet the burden of showing that the counter-plaintiff could prove no set of facts in support of its claim which would entitle it to relief. Summary judgments are rarely appropriate in tort actions.
REVERSED AND REMANDED.
DOWNEY, C. J„ and ANSTEAD, J., concur.